JOHN J. STEVENSON, RESPONDENT, v. ATLANTIC CITY
REAL ESTATE BOARD, APPELLANT.

Argued February 9, 1927—Decided October 17, 1927.

Relator, a member of the Atlantic City Real Estate Board, was ex-
pelled therefrom by vote, without charges, notice or hearing on the
question whether he had forfeited his right of membership. *Held*,
that the award of a *mandamus* to compel his reinstatement was
proper.

On appeal from the Supreme Court, whose *per curiam*
opinions are printed in 3 *N. J. Mis. R.* 1102; 4 *Id.* 674.

For the appellant, *Thompson & Hanstein.*

For the respondent, *Bolte & Tripician.*

The opinion of the court was delivered by

PARKER, J.   The facts are fully stated in the two *per curiam*
opinions of the Supreme Court, and need not be here re-
peated at length.   The action is one of *mandamus* to compel
the reinstatement of the relator, Stevenson, as a member of
the real estate board.   In awarding an alternative writ (3
*N. J. Mis. R.* 1102) the Supreme Court found as a fact
that the board, through its trustees or committee, expelled
Stevenson without the preferring of any charges against him,
and without a hearing (foot of page 1103).   An alternative
writ having been awarded, the record shows a return and a
demurrer thereto, brought on for argument and argued before
the Supreme Court, which tribunal decided (4 *N. J. Mis. R.*
674) that the expulsion of relator was illegal because based
on a controversy between relator and an outside party over
whom, and over which controversy, the board had no juris-
diction.   It is argued, and we think with force, that as it
appears that relator himself invoked the review of that very
matter by the board, he therefore should not take anything

by its lack of jurisdiction. However this may be, we conclude that the judgment of the Supreme Court should be affirmed, and for the basic reason that relator was expelled without any formal charges, notice or hearing on the question of his proposed expulsion. The return to the alternative writ seems at first blush to deny the allegations of the alternative writ in this regard, but such denial is not comprehensive, and fairly consistent with the settled facts that relator was present at hearings to settle his rights as to Roney and Shenkman, and when the decision went against him and he failed to abide by it, he was summarily expelled by vote of the board.

The procedure in the case was somewhat irregular; for on the demurrer to the return, relator's counsel undertook to use the testimony taken under the original rule to show cause, giving notice to the other side that they could take additional testimony if they desired; and all the testimony, as well as the record on the alternative writ, is laid before us on this appeal. Apparently, the Supreme Court was asked to decide, and did decide, matters of fact which should have gone to a jury if material to the issue. We must take the case as we find it; and as the Supreme Court found as a fact, in awarding an alternative writ, that relator had been expelled without proper charges and hearing (a finding fully supported by the testimony), and the denials in the return of this averment in the writ are mere negatives pregnant, we take this fact as settled, and affirm the judgment on that ground.

*For affirmance*—TRENCHARD, PARKER, MINTURN, BLACK, KATZENBACH, LLOYD, WHITE, VAN BUSKIRK, McGLENNON, KAYS, HETFIELD, DEAR, JJ. 12.

*For reversal*—None.